BOWEN, Presiding Judge.
This is an appeal from the denial of a pro se petition for writ of error coram nobis in which the petitioner claims that he was denied due process in a prison disciplinary proceeding resulting in the loss of good time and confinement for one year in segregation.
In September of 1982, the petitioner allegedly assaulted an officer. In February 1984, a disciplinary board found him guilty. Apparently, this hearing was challenged and in September of 1984 the Circuit Court of Elmore County ordered the Department of Corrections to conduct a “more meaningful hearing” at which the petitioner was “given the full range of due process to which he is entitled.”
In October of 1984, the petitioner was given a rehearing and was again found guilty.
The petition alleges that due process was not had because (1) the petitioner was not informed before the hearing that Correctional Officers Williams and Nichols would testify, (2) that a disciplinary can only be “reinacted” one time and that his was “reinacted” three times, and (3) that his one offense resulted in two different rule violations.
The District Attorney filed a motion to dismiss with attached exhibits including the Department of Corrections Disciplinary Re *1233 port for the disciplinary hearing held on October 19, 1984. At the hearing, the petitioner argued that he could not present a proper and adequate defense because the charges were two years old.
The Disciplinary Report shows that Officer James A. Holly testified that the petitioner assaulted him on September 26, 1982. Officers Nichols and Williams witnessed the assault and corroborated Holly’s testimony that the petitioner assaulted Officer Holly as Holly was attempting to restrain and subdue the petitioner who fled after being ordered to stop. The petitioner was suspected of possessing drugs or other contraband.
The petitioner testified that all he knew was that he was “tackled from behind” and kicked and beaten by the officers. Inmate Jackiei D. Atchley testified for the petitioner that all he saw was that four or five officers had the petitioner on the ground and that other inmates were trying to get him away from the guards. Inmate David Hayes testified that the officers thought that the petitioner had “some dope or something,” that the guards “tackled him,” and “were whipping his ass.” Hayes testified that he saw the guards assault the petitioner but did not see the petitioner assault any guard.
The Disciplinary Report and the attached exhibits filed in the District Attorney’s motion to dismiss reveal that the requirements of Wolff v. McDonald, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), have been satisfied.
This Court has neither been provided with nor found authority which supports the petitioner’s contention that he is entitled to be informed before the hearing of the witnesses who will testify against him. There is no constitutional requirement of confrontation and cross examination in prison disciplinary proceedings. Wolff, 418 U.S. at 567-568, 94 S.Ct. at 2980.
“[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.... [T]he unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators_ Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority ...” Wolff 418 U.S. at 566, 94 S.Ct. at 2979-80 (emphasis added).
See also Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (reaffirming Wolff).
It is “not essential to provide the inmate with the names of all witnesses or even the name of the inmate’s accuser, if the latter were another inmate.” J. Gor-bert and N. Cohen, Rights of Prisoners 234 (1981). The administrative regulation of the Department of Corrections only provides “(t)hat the inmate has an opportunity to present written questions to the Chairperson to be asked of presenting officer and any other persons giving a statement at the hearing.” (Emphasis added). This does not require or necessitate advance notice of the identity of witnesses so long as the inmate is afforded the opportunity sometime before the completion of the hearing.
We have been cited no legal authority for the proposition that a disciplinary can only be “reinacted” one time. The petitioner’s allegation that the disciplinary has been tried three times is not supported by any facts. The record shows that the original disciplinary of February 27, 1984, was judicially ordered to be retried and a second hearing was held on October 19, 1984. The Inmate Summary, attached to the petition as an exhibit, shows that the petitioner has four other disciplinary ac *1234 tions taken against him since October of 1982. There is not even the contention that the petitioner has ever been acquitted at any disciplinary hearing or that he has received additional punishments on the retrial of the original disciplinary. There is no merit to his allegation of double jeopardy.
Finally, the record affirmatively shows that the petitioner has been charged with the same rule violation in the original disciplinary and on the rehearing despite the petitioner’s contentions to the contrary. The judgment of the circuit court dismissing the petition is affirmed.
AFFIRMED.
All Judges concur.